IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN J. BUHAY, III and KAREN A. BUHAY, | : | Civil No.: |
| Plaintiffs, | : | Filed Electronically |
| | : | |
| v. | : | |
| | : | |
| CITIMORTGAGE, INC. and PRIORITY SEARCH, INC. | : | |
| Defendants | : | Jury Trial Demanded |
| | : | |

## COMPLAINT

AND NOW come Plaintiffs, John J. Buhay, III and Karen A. Buhay, by and through their attorneys, Caldwell & Kearns, and file the within Complaint, and in support hereof aver the following:

## PARTIES

1.     Plaintiffs, John J. Buhay, III and Karen A. Buhay, are adult individuals, husband and wife, currently residing at 33 Dornoch Way, Townsend, Delaware.

2.     Defendant CitiMortgage, Inc. ("CitiMortgage") is a corporation registered in the state of New York, with its headquarters and principal place of business located at 1000

Technology Drive, O'Fallon, Missouri, and conducting business in the Commonwealth of Pennsylvania as a residential mortgage lender.

3.      Defendant Priority Search, Inc. ("Priority Search") is a corporation registered in the Commonwealth of Pennsylvania with a registered office address of 269 Pierce Street, Kingston, Pennsylvania, and conducting business in the Commonwealth of Pennsylvania as a real estate title and transfer company.

## JURISDICTION

4.      This Court is vested with jurisdiction pursuant to 28 U.S.C.A. §§ 1331, 1367.

## FACTUAL BACKGROUND COMMON TO ALL COUNTS

5.      On July 16, 2001, Plaintiffs obtained title to the property identified as 2720 Woodrow Avenue, Harrisburg, Pennsylvania ("Property") by a deed recorded on July 17, 2001, at Book 4038, Page 087 in the Recorder of Deeds Office in Dauphin County, Pennsylvania.

6.      On July 17, 2001, a mortgage dated July 16, 2001 was filed in the Recorder of Deeds Office in Dauphin County, Pennsylvania, at Book 4038, Page 089, whereby Plaintiffs granted a mortgage to Gateway Funding Diversified Mortgage Services, L.P. for the Property in the amount of $136,300.00 ("mortgage dated July 16, 2001").

7.      On January 9, 2003, a mortgage dated January 3, 2003 was filed in the Recorder of Deeds Office in Dauphin County, Pennsylvania, at Book 4706, Page 499, whereby Plaintiffs granted a mortgage to Gateway Funding Diversified Mortgage Services, L.P. for the Property in the amount of $137,250.00 ("mortgage dated January 3, 2003").

8.      On March 20, 2003, a Satisfaction of Mortgage was filed for the mortgage dated July 16, 2001 in the Recorder of Deeds Office in Dauphin County, Pennsylvania, at Book 4805, Page 108.

9.      On September 15, 2005, a mortgage dated September 6, 2005, was filed in the Recorder of Deeds Office in Dauphin County, Pennsylvania, at Book 6185, Page 539, whereby Plaintiffs granted a mortgage to Wells Fargo Bank N.A. ("Wells Fargo") for the Property in the amount of $158,000.00 ("mortgage dated September 6, 2005").

10.     On October 18, 2005, a Mortgage Satisfaction Piece was filed for the mortgage dated January 3, 2003 in the Recorder of Deeds Office in Dauphin County, Pennsylvania, at Book 6238, Page 341.

11.     On January 3, 2006, a mortgage dated December 27, 2005, was filed in the Recorder of Deeds Office in Dauphin County, Pennsylvania, at Book 6348, Page 215, whereby Plaintiffs granted a mortgage to ABN AMRO Mortgage Group, Inc. ("ABN AMRO") for the Property in the amount of $154,000.00 ("mortgage dated December 27, 2005").

12.     On January 3, 2006, a mortgage dated December 27, 2005, was filed in the Recorder of Deeds Office in Dauphin County, Pennsylvania, at Book 6348, Page 234, whereby Plaintiffs granted a mortgage to ABN AMRO for the Property in the amount of $7,000.00 ("Second Mortgage").

13.     On February 1, 2006, a Satisfaction of Mortgage dated January 19, 2006 was filed for the mortgage dated September 6, 2005, in the Recorder of Deeds Office in Dauphin County, Pennsylvania, as Instrument # 20060003828.

14.     In or about September 2007, ABN AMRO merged with CitiMortgage, thereby making CitiMortgage the successor in interest to the mortgage dated December 27, 2005 ("Mortgage Account") and the Second Mortgage.

15.     On August 25, 2008, Plaintiffs refinanced the Property with Gateway Funding Diversified Mortgage Services, L.P. ("Gateway Funding") at a settlement conducted by Priority Search ("Settlement"). A true and correct copy of the HUD-1A Settlement Statement is attached hereto and incorporated herein as Exhibit "A".

16.     On September 16, 2008, a Satisfaction and Release of Mortgage dated September 10, 2008 was filed for the Second Mortgage in the Recorder of Deeds Office in Dauphin County, Pennsylvania, as Instrument # 20080034416. A true and correct copy of the Satisfaction of Mortgage dated September 10, 2008 is attached hereto and incorporated herein as Exhibit "B".

17.     On September 18, 2008, a Satisfaction and Release of Mortgage dated September 15, 2008 was filed for the mortgage dated December 27, 2005 in the Recorder of Deeds Office in Dauphin County, Pennsylvania, as Instrument # 20080034785 ("Satisfactions of Mortgage"). A true and correct copy of the Satisfaction of Mortgage dated September 15, 2008 is attached hereto and incorporated herein as Exhibit "C".

18.     On October 21, 2008, a second Satisfaction and Release of Mortgage dated October 14, 2008 was filed for the mortgage dated December 27, 2005 in the Recorder of Deeds Office in Dauphin County, Pennsylvania, as Instrument # 20080038391 ("Satisfactions of Mortgage"). A true and correct copy of the Satisfaction of Mortgage dated October 14, 2008 is attached hereto and incorporated herein as Exhibit "D".

19.     Priority Search was an agent of the Gateway Funding and Plaintiffs.

20.     Priority Search represented and agreed that, as part of conducting Settlement, it would hold and disburse funds, provided by Gateway Funding, on behalf of Plaintiffs to be paid to CitiMortgage as a payoff of the Mortgage Account ("payoff funds"). *See* Exhibit "A".

21.     Following Settlement, Priority Search failed to disburse the payoff funds to CitiMortgage.

22.     On or about November 3, 2008, Liz Sichler, President of Priority Search, sent a letter to CitiMortgage admitting that the failure to payoff the Mortgage Account was due to an error of Priority Search, and that Plaintiffs were not in control of the payoff funds. A true and correct copy of the November 3, 2008 letter of Liz Sichler is attached hereto and incorporated herein as Exhibit "E".

23.     Following Settlement, CitiMortgage issued Plaintiffs a check for the balance of the funds remaining in the escrow account for the Mortgage Account ("check").

24.     Plaintiffs deposited, or attempted to deposit, the check into their bank account.

25.     Subsequent to Plaintiffs depositing, or attempting to deposit, the check, CitiMortgage stopped payment of the check.

26.     CitiMortgage claims it was not paid the funds to payoff the Mortgage Account.

27.     CitiMortgage never had the Satisfactions of Mortgage lifted.

28.     After filing the Satisfactions of Mortgage, CitiMortgage reported adverse credit information to credit reporting agencies, to the effect that Plaintiffs were delinquent in their payments on the Mortgage Account.

29.     After filing of the Satisfactions of Mortgage, CitiMortgage has continued to make attempts to collect on the Mortgage Account by sending Plaintiffs bills, collection notices, and/or delinquency notices.

30.     On or about November 11, 2008, a credit application Plaintiffs filed with Pennsylvania State Employees Credit Union ("PSECU") was denied due to derogatory information CitiMortgage provided to Trans Union relating to the Mortgage Account. See letter dated November 11, 2008 from PSECU to Plaintiffs, attached hereto and incorporated herein at Exhibit "F".

31.     On or about November 20, 2008, Plaintiff Karen A. Buhay's credit line with Citizens Bank was decreased due to derogatory information CitiMortgage provided to Equifax relating to the Mortgage Account. A true and correct copy of the letter dated November 20, 2008 from Citizens Bank to Plaintiff Karen A. Buhay is attached hereto and incorporated herein at Exhibit "G".

32.     On our about June 4, 2009, Bank of America sent to each Plaintiff a letter informing them that the credit line on their Bank of America account had been reduced due to information received from Trans Union. True and correct copies of the June 4, 2009 letters from Bank of America are attached hereto and incorporated herein as Exhibit "H".

33.     On or about June 8, 2009, counsel for Plaintiffs sent to CitiMortgage a letter disputing credit information regarding the Mortgage Account that CitiMortgage had provided to credit reporting agencies: Equifax, Experian, Trans Union, and Innovis ("credit reporting agencies"). A true and correct copy of the June 8, 2009 letter from Plaintiff's counsel is attached hereto and incorporated herein as Exhibit "I".

34.     On or about June 26, 2009, CitiMortgage sent to Plaintiffs a letter stating, inter alia: "We have informed [the credit reporting agencies] to show mortgage account number 0651752271 as paid in full on September 2, 2008 and blocked credit reporting until December

2009." ("June 26, 2009 letter").  A true and correct copy of the June 26, 2009 letter is attached hereto and incorporated herein as Exhibit "J".

35.     Despite the acknowledgement made in the June 26, 2009 letter, that the Mortgage Account was paid in full on September 2, 2008, CitiMortgage continued to send Plaintiffs bills and demand payment in regard to the Mortgage Account.

36.     On or about July 7, 2009, World's Foremost Bank informed Plaintiffs, by way of a written correspondence, that the credit limit on their Cabela's CLUB Visa account had been reduced due to credit information received by Equifax.  A true and correct copy of the written correspondence from World's Foremost Bank is attached hereto and incorporated herein as Exhibit "K".

37.     On or about August 31, 2009, Plaintiffs sent to CitiMortgage a letter ("Plaintiffs' letter of August 31, 2009") requesting that CitiMortgage correct its internal account and billing records to reflect that the Mortgage Account has been paid in full and to cease and desist from posting any information regarding mortgage modification at or on their residence.  A true and correct copy of the Plaintiffs' letter of August 31, 2009, is attached hereto and incorporated herein as Exhibit "L".

## COUNT I - CITIMORTGAGE
## VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT

38.     Plaintiffs incorporate by reference paragraphs 1-34 as though fully set forth herein.

39.     Plaintiffs' letter of August 31, 2009 was a qualified written request, as defined under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C.A. § 2605(e)(1)(B).

40.     CitiMortgage failed to provide a written response acknowledging receipt of Plaintiffs' letter of August 31, 2009, or take the action requested therein, within 20 days, as required under RESPA, 12 U.S.C.A. § 2605(e).

WHEREFORE, Plaintiff requests this Court enter judgment in favor of Plaintiffs, granting damages, plus costs, attorney fees, and interest.

## COUNT II - CITIMORTGAGE
## FRAUD

41.     Plaintiff incorporates by reference paragraphs 1-37 as though fully set forth herein.

42.     CitiMortgage knowingly misrepresented Plaintiffs' credit information when it continued to falsely report adverse credit information regarding the Mortgage Account to credit reporting agencies after Satisfactions of Mortgage had been filed for the Mortgage Account.

43.     CitiMortgage reported the false credit information with the intention that credit reporting agencies would rely upon it.

44.     In reliance on CitiMortgage's misrepresentations of Plaintiffs' credit information, credit reporting agencies reported adverse credit information on Plaintiffs' credit reports and reduced Plaintiffs' credit scores.

45.     As a direct and proximate result of CitiMortgage's fraudulent misrepresentations, and the credit reporting agencies' reliance thereupon, Plaintiffs have suffered financial loss and damages in the form of creditors reducing their credit limits, increased interest rates, potential creditors rejecting their applications for credit, impairment of their ability to conduct personal business, and withholding of escrow funds that are rightfully theirs.

WHEREFORE, Plaintiffs request this Court enter judgment in favor of Plaintiffs, granting damages, plus costs, attorney fees, and interest.

## COUNT III - CITIMORTGAGE
## NEGLIGENCE

46.     Plaintiffs incorporate by reference paragraphs 1-42 as though fully set forth herein.

47.     CitiMortgage, as a mortgagee to Plaintiffs, owed fiduciary duties to Plaintiff.

48.     By continuing to bill Plaintiffs, attempting to collect payments, making false reports of derogatory credit information to credit reporting agencies regarding the Mortgage Account and failing to fund the disbursement of the escrow check, after Satisfactions of Mortgage had been filed, CitiMortgage breached its fiduciary duties to Plaintiffs.

49.     As a direct and proximate result of CitiMortgage's breach of fiduciary duties, Plaintiffs have suffered financial loss and damages in the form of creditors reducing their credit limits, increased interest rates, potential creditors rejecting their applications for credit, impairment of their ability to conduct personal business, and withholding of escrow funds that are rightfully theirs.

WHEREFORE, Plaintiffs request this Court enter judgment in favor of Plaintiffs, granting damages, plus costs, attorney fees, and interest.

## COUNT IV - CITIMORTGAGE
## VIOLATION OF THE PENNSYLVANIA FAIR CREDIT EXTENSION
## UNIFORMITY ACT

50.     Plaintiffs incorporate by reference paragraphs 1-46 as though fully set forth herein.

51.    CitiMortgage, as a creditor, that continues to bill Plaintiffs, attempts to collect payments, fails to return escrow funds, and makes false reports of derogatory credit information to credit reporting agencies, after filing Satisfactions of Mortgage, has conducted unfair and deceptive debt collection activities with regard to the Mortgage Account, in violation of the Fair Credit Extension Uniformity Act ("FCEUA"), 73 P.S. § 2270.1 et seq.

52.    Knowing that Plaintiffs were represented by the undersigned counsel and knowing the name and address of said counsel, CitiMortgage communicated with Plaintiffs in connection with the collection of amounts alleged to be owed on the Mortgage Account, in violation of Section 2270.4(b)(2)(ii) of the FCEUA.

53.    Plaintiff's counsel provided CitiMortgage with verbal notice of their representation of Plaintiffs as early as February 2009.

54.    Plaintiffs counsel provided CitiMortgage with written notice of their representation of Plaintiffs on or about June 8, 2009. See Exhibit "I".

55.    CitiMortgage made false representations in connection with the collection of amounts alleged to be owed on the Mortgage Account by continuing to bill Plaintiffs after filing Satisfactions of Mortgage and informing credit reporting agencies to show the Mortgage Account as paid in full, in violation of Section 2270.4(b)(5) of the FCEUA.

56.    CitiMortgage falsely represented the legal status of debt associated with the Mortgage Account by continuing to bill Plaintiffs and reporting derogatory credit information to credit reporting agencies after filing Satisfactions of Mortgage, in violation of Section 2270.4(b)(5)(ii) of the FCEUA.

57.     CitiMortgage violated Section 2270.4(b)(5)(viii) of the FCEUA by communicating to credit reporting agencies adverse credit information after Satisfactions of Mortgage had been filed.

58.     CitiMortgage used false representations and deceptive means to attempt to collect an alleged debt when it continued to send billing statements demanding payment after filing Satisfactions of Mortgage, in violation of Section 2270.4(b)(5)(x) of the FCEUA.

59.     As a direct and proximate result of CitiMortgage's violations of the FCEUA, Plaintiffs have suffered financial loss and damages in the form of creditors reducing their credit limits, increased interest rates, potential creditors rejecting their applications for credit, impairment of their ability to conduct personal business, and withholding of escrow funds that are rightfully theirs.

60.     Pursuant to Section 2270.5 of the FCEUA, Plaintiffs are entitled to treble damages and other remedies under the Pennsylvania Unfair Trade Practices and Consumer Protection Law.  73 P.S. § 201-1 et seq.

WHEREFORE, Plaintiffs request this Court enter judgment in favor of Plaintiffs, granting damages, plus costs, attorney fees, and interest. In the alternative, Plaintiffs request treble damages, plus costs, attorney fees, and interest.

## COUNT V - CITIMORTGAGE
## VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

61.     Plaintiffs incorporate by reference paragraphs 1-57 as though fully set forth herein.

62.     CitiMortgage engaged in fraudulent and deceptive conduct by falsely reporting derogatory credit information to credit reporting agencies in regard to the Mortgage Account

after Satisfactions of Mortgage had been filed, in violation of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL").

63.     As a direct and proximate result of CitiMortgage's fraudulent and deceptive conduct, Plaintiffs have suffered financial loss and damages in the form of creditors reducing their credit limits, increased interest rates, potential creditors rejecting their applications for credit, impairment of their ability to conduct personal business, and withholding of escrow funds that are rightfully theirs.

64.     Pursuant to Section 2270.5 of the FCEUA, CitiMortgage's violations of the FCEUA is also a violation of the UTPCPL.

WHEREFORE, Plaintiffs request this Court enter judgment in favor of Plaintiffs, granting damages, plus costs, attorney fees, and interest. In the alternative, Plaintiffs request treble damages, plus costs, attorney fees, and interest.

## COUNT VI - CITIMORTGAGE
## BREACH OF CONTRACT

65.     Plaintiffs incorporate by reference paragraphs 1-61 as though fully set forth herein.

66.     On December 27, 2005, ABN AMRO entered into a mortgage contract with Plaintiffs.

67.     CitiMortgage became successor in interest to the Mortgage Account, after a merger with ABN AMRO.

68.     Implicit in the Mortgage Account, is a covenant of good faith and fair dealing.

69.     By continuing to send bills demanding payment after informing credit report agencies to show the Mortgage Account as paid in full, CitiMortgage breached the covenant of good faith and fair dealing implicit in the Mortgage Account.

70.     By continuing to send bills demanding payment and falsely report derogatory credit information to credit reporting agencies in regard to the Mortgage Account after Satisfactions of Mortgage had been filed therefor, CitiMortgage breached the covenant of good faith and fair dealing implicit in the Mortgage Account.

71.     Explicit in the Mortgage Account, is an obligation on the part of CitiMortgage to promptly refund to Plaintiffs any funds remaining in escrow following satisfaction of the obligation secured by the Mortgage Account.

72.     By failing to return Plaintiffs' escrow funds following satisfaction of the obligation served by the Mortgage Account, CitiMortgage breached the terms of the Mortgage Account.

73.     As a direct and proximate result of CitiMortgage's breach of contract, Plaintiffs have suffered financial loss and damages in the form of creditors reducing their credit limits, increased interest rates, potential creditors rejecting their applications for credit, impairment of their ability to conduct personal business, and withholding of escrow funds that are rightfully theirs.

WHEREFORE, Plaintiffs request this Court enter judgment in favor of Plaintiffs, granting damages, plus costs, attorney fees, and interest.


## COUNT VII - CITIMORTGAGE
## VIOLATION OF THE PENNSYVANIA UNIFORM COMMERCIAL CODE,
## 13 Pa.C.S.A. §1304

74.     Plaintiffs incorporate by reference paragraphs 1-70 as though fully set forth herein.

75.     By continuing to send bills demanding payment after informing credit report agencies to show the Mortgage Account as paid in full, CitiMortgage violated its obligation of good faith under the Pennsylvania Uniform Commercial Code (UCC), 13 Pa.C.S.A. §1304.

76.     By knowingly sending bills demanding payment and falsely reporting derogatory credit information to credit reporting agencies with regard to the Mortgage Account after filing Satisfactions of Mortgage, CitiMortgage violated its obligation of good faith under Section 1304 of the UCC.

77.     By failing to disburse the escrow funds after the Satisfactions of Mortgage were filed, CitiMortgage violated its obligation of good faith under UCC Section 1304.

78.     As a direct and proximate result of CitiMortgage's violation of the UCC, Plaintiffs have suffered financial loss and damages in the form of creditors reducing their credit limits, increased interest rates, potential creditors rejecting their applications for credit, impairment of their ability to conduct personal business, and withholding of escrow funds that are rightfully theirs.

WHEREFORE, Plaintiffs request this Court enter judgment in favor of Plaintiffs, granting damages, plus costs, attorney fees, and interest.

### COUNT VIII - CITIMORTGAGE VIOLATION OF THE PENNSYVANIA UNIFORM COMMERCIAL CODE, 13 Pa.C.S.A. §9607

79.     Plaintiffs incorporate by reference paragraphs 1-75 as though fully set forth herein.

80.     By continuing to send bills demanding payment on the Mortgage Account after filing Satisfactions of Mortgage and informing credit reporting agencies to show the Mortgage Account as paid in full, CitiMortgage failed to conduct collection activities in a commercially reasonable manner, in violation of the UCC, 13 Pa. C.S.A. § 9607(e).

81.     Plaintiffs incurred financial losses, including but not limited to, losses resulting from Plaintiff's inability to obtain or increased cost of alternative financing as a result of CitiMortgage's violation of UCC Section 9607(c).

WHEREFORE, Plaintiffs request this Court enter judgment in favor of Plaintiffs, granting damages, plus costs, attorney fees, and interest.

## COUNT IX – PRIORITY SEARCH, INC.
## BREACH OF CONTRACT

82.     Plaintiffs incorporate by reference paragraphs 1-78 as though fully set forth herein.

83.     Priority Search entered into an agreement to perform services related to the Settlement, by which it was obligated to disburse funds to CitiMortgage to payoff the Mortgage Account on behalf of Plaintiffs.

84.     Priority Search breached its obligation to Plaintiffs by failing to disburse funds to CitiMortgage to payoff the Mortgage Account.

85.     As a direct and proximate result of Priority Search's breach of its obligation to Plaintiffs, Plaintiffs have incurred financial losses and damages, including but not limited to, losses and damages in the form of creditors reducing their credit limits, Plaintiffs' inability to obtain financing or increased cost of alternative financing, increased interest rates, potential

creditors rejecting their applications for credit, impairment of their ability to conduct personal

business, and withholding of escrow funds that are rightfully theirs.

WHEREFORE, Plaintiffs request this Court enter judgment in favor of Plaintiffs,

granting damages, plus costs, attorney fees, and interest.

## COUNT X – PRIORITY SEARCH, INC.
### NEGLIGENCE

86.     Plaintiffs incorporate by reference paragraphs 1-82 as though fully set forth

herein.

87.     Priority Search, as a real estate title company and transfer agent, owed fiduciary

duties to Plaintiff, which included the safe keeping and disbursement of funds on behalf of

Plaintiffs in relation to the Settlement.

88.     By failing to disburse the payoff funds to CitiMortgage, Priority Search breached

its fiduciary duty to Plaintiffs.

89.     As a direct and proximate result of Priority Search's breach of its fiduciary duty to

Plaintiffs, Plaintiffs have suffered financial losses and damages, including but not limited to,

losses and damages in the form of creditors reducing their credit limits, Plaintiffs' inability to

obtain financing or increased cost of alternative financing, increased interest rates, potential

creditors rejecting their applications for credit, impairment of their ability to conduct personal

business, and withholding of escrow funds that are rightfully theirs.

WHEREFORE, Plaintiffs request this Court enter judgment in favor of Plaintiffs,

granting damages, plus costs, attorney fees, and interest.

## COUNT XI – PRIORITY SEARCH, INC.
### FRAUD

90.     Plaintiffs incorporate by reference paragraphs 1-86 as though fully set forth herein.

91.     Priority Search knowingly and intentionally misrepresented to Plaintiffs' that it would disburse payoff funds to CitiMortgage on behalf of Plaintiffs in relation to the Settlement.

92.     Priority Search intended for Plaintiffs to rely upon its misrepresentation that it would disburse payoff funds on behalf of Plaintiffs.

93.     In reliance on Priority Search's misrepresentation, Plaintiffs entrusted Priority Search with funds related to Settlement.

94.     As a direct and proximate result of Plaintiffs' reliance on Priority Search's promise to disburse the payoff funds, Plaintiffs have suffered financial losses and damages, including but not limited to, losses and damages in the form of creditors reducing their credit limits, Plaintiffs' inability to obtain financing or increased cost of obtaining alternative financing, increased interest rates, potential creditors rejecting their applications for credit, impairment of their ability to conduct personal business, and withholding of escrow funds that are rightfully theirs.

WHEREFORE, Plaintiffs request this Court enter judgment in favor of Plaintiffs, granting damages, plus costs, attorney fees, and interest.

### COUNT XII – PRIORITY SEARCH
### VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND
### CONSUMER PROTECTION LAW

95.     Plaintiffs incorporate by reference paragraphs 1-91 as though fully set forth herein.

96.     Priority Search engaged in fraudulent and deceptive conduct by failing to disburse the payoff funds to CitiMortgage as promised, in violation of the UTPCPL.

97.     As a direct and proximate result of Priority Search's fraudulent conduct, Plaintiffs have suffered financial losses and damages, including but not limited to, losses and damages in the form of creditors reducing their credit limits, Plaintiffs' inability to obtain financing or increased cost of obtaining alternative financing, increased interest rates, potential creditors rejecting their applications for credit, impairment of their ability to conduct personal business, and withholding of escrow funds that are rightfully theirs.

WHEREFORE, Plaintiffs request this Court enter judgment in favor of Plaintiffs, granting damages, plus costs, attorney fees, and interest. In the alternative, Plaintiffs request treble damages, plus costs, attorney fees, and interest.

Respectfully submitted,

Date August 13, 2010                    /s/ Brett M. Woodburn
                                        Brett M. Woodburn, Esquire
                                        Attorney ID No. 81786
                                        James L. Goldsmith, Esquire
                                        Attorney ID No. 27115
                                        Caldwell & Kearns
                                        3631 North Front Street
                                        Harrisburg, PA 17110
                                        (717) 232-7661
                                        Fax (717) 232-2766
                                        bwoodburn@cklegal.net
                                        jgoldsmith@cklegal.net
                                        *Attorney for Plaintiff*

153283 / 09020-001

Pct # 06517526711

**A.** U.S. DEPARTMENT OF HOUSING & URBAN DEVELOPMENT

## SETTLEMENT STATEMENT
Optional Form for Transactions without Sellers

| NAME AND ADDRESS OF BORROWER: | NAME AND ADDRESS OF LENDER: |
|---|---|
| John J. Buhay III and<br>Karen A. Snyder-Buhay<br>2720 Woodrow Avenue<br>Harrisburg, PA 17112 | Gateway Funding diversified M<br>300 Welsh Rd Bldg 5<br>Horsham, PA 19044 |

| PROPERTY LOCATION: | | |
|---|---|---|
| 2720 Woodrow Avenue<br>Harrisburg, PA 17112<br>Dauphin County, Pennsylvania | SETTLEMENT AGENT: Priority Search, Inc. | |
| | PLACE OF SETTLEMENT: 2720 Woodrow Avenue<br>Harrisburg, PA 17112 | |
| | SETTLEMENT DATE: August 25, 2008 | Disburse:08/29/08 |
| | LOAN NUMBER: 1005003385 | |

| L. SETTLEMENT CHARGES | | | M. DISBURSEMENT TO OTHERS | |
|---|---|---|---|---|
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | | 1501. payoff to | |
| 801. Loan Origination Fee % to | | | citimortgage | 154,895.06 |
| 802. Loan Discount % to | | | 1502. Payoff to | |
| 803. Appraisal Fee to | | | ABN AMRO | 3,652.35 |
| 804. Credit Report to | | | 1503. 2008 school taxes to | |
| 805. Lender's Inspection Fee to | | | Tax Collector | 1,906.58 |
| 806. Mortgage Ins. App. Fee to | | | 1504. | |
| 807. Mortgage Broker Fee to | | | | |
| 808. application fee to Gateway Funding diversified M | 450.00 | | 1505. | |
| 809. commitment fee to Gateway Funding diversified M | 375.00 | | | |
| 810. doc prep fee to Gateway Funding diversified M | 125.00 | | 1506. | |
| 811. Underwriting fee to Gateway Funding diversified M | 225.00 | | | |
| 812. flood cert to First American FDS | 10.00 | | 1507. | |
| 813. Tax service to First American | 95.00 | | | |
| 814. | | | 1508. | |
| 815. | | | | |
| 816. | | | 1509. | |
| 817. | | | | |
| 818. | | | 1510. | |
| 819. | | | | |
| 820. | | | 1511. | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | | | |
| 901. Interest 08/29/08 to 09/01/08 @ $ 30.513300/day | 91.54 | | 1512. | |
| 902. Mortgage Insurance Prem for months to | | | | |
| 903. Hazard Insurance Prem for 1.0 yr to Insurance/Marcus POC $572.00b | | | 1513. | |
| 904. | | | | |
| 905. | | | 1514. | |
| **1000. RESERVES DEPOSITED WITH LENDER** | | | | |
| 1001. Hazard Insurance 4.000 months @ $ 47.67 per month | 190.68 | | 1520. TOTAL DISBURSED | 160,453.99 |
| 1002. Mortgage Insurance months @ $ per month | | | (enter on line 1603) | |
| 1003. City/Town Taxes months @ $ per month | | | | |
| 1004. County Taxes 7.000 months @ $ 96.94 per month | 678.58 | | | |
| 1005. Assessments 3.000 months @ $ 162.12 per month | 486.36 | | | |
| 1006. months @ $ per month | | | | |
| 1007. months @ $ per month | | | | |
| 1008. Aggregate Adjustment months @ $ per month | -435.44 | | | |
| **1100. TITLE CHARGES** | | | | |
| 1101. Settlement Fee to David Thomas Esq | 125.00 | | | |
| 1102. Title Search to | | | | |
| 1103. Title Examination to | | | | |
| 1104. Title Ins. Binder to | | | | |
| 1105. Email Doc Fee to Priority Search, Inc. | 25.00 | | | |
| 1106. Notary Fees to Priority Search, Inc. | 12.00 | | | |
| 1107. Attorney's Fees to | | | | |
| (includes above item numbers: ) | | | | |
| 1108. Title Insurance to Investors Title Ins Co | 852.30 | | | |
| (includes above item numbers: ) | | | | |
| 1109. Lender's Coverage $ | | | | |
| 1110. Owner's Coverage $ | | | | |
| 1111. End. 100, 300, 8.1 to Investors Title Insurance | 150.00 | | | |
| 1112. Closing Protection Letter to Investors Title Insurance | 35.00 | | **N. NET SETTLEMENT** | |
| 1113. | | | | |
| 1114. | | | 1600. Loan Amount $ | 165,000.00 |
| 1115. | | | | |
| 1116. | | | | |
| 1117. | | | 1601. Plus Cash/Check from $ | 0.00 |
| 1118. | | | Borrower | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | | | |
| 1201. Recording fees: Mortgage $ 69.50 ; Releases $ | 69.50 | | 1602. Minus Total Settlement $ | 3,560.52 |
| 1202. City/County Tax/Stamps: Mortgage $ | | | Charges (line 1400) | |
| 1203. State Tax/Stamps: Mortgage $ | | | | |
| 1204. | | | 1603. Minus Total Disbursements $ | 160,453.99 |
| 1205. | | | to Others (line 1520) | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | | | |
| 1301. Survey | | | 1604. Equals Disbursements to | |
| 1302. Pest Inspection | | | Borrower (after expiration | |
| 1303. | | | of any applicable rescission | |
| 1304. | | | period required by law) $ | 985.49 |
| 1305. | | | | |
| **1400. TOTAL SETTLEMENT CHARGES (enter on line 1602)** | 3,560.52 | | | |

The undersigned hereby acknowledge receipt of a completed copy of this statement & any attachments referred to herein.

Borrower _____John J Buhay III_____

Certified to be a true copy. _____Karen A. Snyder-Buhay_____

Priority Search, Inc.
Settlement Agent

## EXHIBIT A

Form HUD-1A (2/94) ref. RESPA

1.0 04-98 ( BUHAY,JK / BUHAY,JK / 5 )

Prepared By:
SHERRY SHEFFLER,
VERDUGO TRUSTEE SERVICE CORP
PO BOX 9443(1-800-283-7918)
GAITHERSBURG, MD 20898

When Recorded Return To:
JOHN J BUHAY III
KAREN A BUHAY
2720 WOODROW AVE
HARRISBURG, PA 17112-9545

## Satisfaction of Mortgage

CITIMORTGAGE, INC. #:0651773254 "BUHAY III" Lender ID:60138/651773254 Dauphin, Pennsylvania
Made this date September 10th, 2008

Name of Mortgagor: JOHN J BUHAY III, AND KAREN A BUHAY

Name of Original Mortgagee: ABN AMRO MORTGAGE GROUP, INC.

Current Owner: CITIMORTGAGE, INC. SUCCESSOR IN INTEREST BY MERGER TO ABN AMRO MORTGAGE GROUP, INC. who by signing below certifies that: The address of the Last Assignee is 5280 CORPORATE DRIVE, MC 22-528-1020, FREDERICK, MD 21703

Date of Mortgage: 12/27/2005

Original Mortgage Debt: $7,000.00

Mortgage recorded on 01/03/2006 in the Office of the Recorder of Deeds of Dauphin County, State of Pennsylvania, in Book/Reel/Liber: 6348 Page/Folio: 234 as Instrument/Document: N/A

Property Address: 2720 WOODROW AVE, HARRISBURG, PA 17112 in the Township of LOWER PAXTON

The undersigned hereby certifies that the debt secured by the above-mentioned Mortgage has been fully paid or otherwise discharged and that upon the recording hereof said Mortgage shall be and is hereby fully and forever satisfied and discharged.

The undersigned hereby authorizes and empowers the recorder of said county to enter this satisfaction piece and to cause said mortgage to be satisfied of record. Witness the due execution hereof with the intent to be legally bound.

*SR3*SR3CITM*09/09/2008 01:54:00 AM* CITM01CITM0000000000000003733026* PADAUPH*
0651773254 PASTATE_MORT_REL *UPP*PP1CITM*

EXHIBIT B

Satisfaction of Mortgage Page 2 of 2

CITIMORTGAGE, INC.  SUCCESSOR IN INTEREST BY MERGER TO ABN AMRO MORTGAGE
GROUP, INC.
On September 10th, 2008

By: _____
MARYLYN C BROWN,
Vice-President

STATE OF Maryland
COUNTY OF Frederick

On this 10th day of September 2008, before me, the undersigned officer personally appeared MARYLYN
C BROWN , who made acknowledgment on behalf of CITIMORTGAGE, INC. SUCCESSOR IN
INTEREST BY MERGER TO ABN AMRO MORTGAGE GROUP, INC., who acknowledges
himself/herself to be the Vice-President of CITIMORTGAGE, INC. SUCCESSOR IN INTEREST BY
MERGER TO ABN AMRO MORTGAGE GROUP, INC., a corporation, and that he/she as such
Vice-President, being authorized so to do, executed the foregoing instrument in their capacity for the
purposes therein contained, by signing the name of the corporation by himself/herself as Vice-President
.

WITNESS my hand and official seal,

_____
JANE EYLER
Notary Expires: 11/01/2009

**James M. Zugay, Esq.**
Recorder of Deeds
(717) 780-6560

**Candace E. Meck**
*First Deputy*



## Recorder of Deeds
Harrisburg, Pennsylvania

### CERTIFIED END PAGE

*Location:*
Dauphin County Courthouse
Room 102
Front & Market Streets
Harrisburg, PA 17101

INSTRUMENT #: 20080034416
RECORD DATE: 9/16/2008 9:24:31 AM
RECORDED BY: DJENKYN
DOC TYPE: SATP
AGENT: VERDUGO TRUSTEE SERVICE CORP
DIRECT NAME: CITIMORTGAGE, INC.
INDIRECT NAME:

RECORDING FEES - State: $0.50
RECORDING FEES - County: $13.00
ACT 8 OF 1998: $5.00

AOPC: $10.00

Parcel ID:

I Certify This Document To Be Recorded
In Dauphin County, Pennsylvania.



James M. Zugay, *Recorder of Deeds*

---

## THIS IS A CERTIFICATION PAGE

# PLEASE DO NOT DETACH

## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

Prepared By:
SHERRY SHEFFLER,
VERDUGO TRUSTEE SERVICE CORP
PO BOX 9443(1-800-283-7918)
GAITHERSBURG, MD 20898

When Recorded Return To:
JOHN J BUHAY III
KAREN A BUHAY
2720 WOODROW AVE
HARRISBURG, PA 17112-9545

---

### Satisfaction of Mortgage

CITIMORTGAGE, INC. #:0651752271 "BUHAY III" Lender ID:03388/319553620 Dauphin, Pennsylvania
Made this date September 15th, 2008

Name of Mortgagor: JOHN J BUHAY III AND KAREN A BUHAY

Name of Original Mortgagee: ABN AMRO MORTGAGE GROUP, INC.

Current Owner: CITIMORTGAGE, INC. SUCCESSOR IN INTEREST BY MERGER TO ABN AMRO MORTGAGE GROUP, INC. who by signing below certifies that: The address of the Last Assignee is 5280 CORPORATE DRIVE, MC 22-528-1020, FREDERICK, MD 21703

Date of Mortgage: 12/27/2005

Original Mortgage Debt: $154,000.00

Mortgage recorded on 01/03/2006 in the Office of the Recorder of Deeds of Dauphin County, State of Pennsylvania, in Book/Reel/Liber: 6348 Page/Folio: 215 as Instrument/Document: N/A

Property Address: 2720 WOODROW AVE, HARRISBURG, PA 17112 in the Township of LOWER PAXTON

The undersigned hereby certifies that the debt secured by the above-mentioned Mortgage has been fully paid or otherwise discharged and that upon the recording hereof said Mortgage shall be and is hereby fully and forever satisfied and discharged.

The undersigned hereby authorizes and empowers the recorder of said county to enter this satisfaction piece and to cause said mortgage to be satisfied of record. Witness the due execution hereof with the intent to be legally bound.

*SP0*SP4CITM*09/09/2008 11:55:00 PM* CITM01CITM000000000000003736810* PADAUPH*
0651752271 PASTATE_MORT_REL *SA5*SA5CITM*

EXHIBIT C

Satisfaction of Mortgage Page 2 of 2

CITIMORTGAGE, INC.  SUCCESSOR IN INTEREST BY MERGER TO ABN AMRO MORTGAGE GROUP, INC.
On <u>September 15th, 2008</u>



By: _____
MARYLYN C BROWN,
Vice-President

STATE OF Maryland
COUNTY OF Frederick

On this 15th day of September 2008, before me, the undersigned officer personally appeared MARYLYN C BROWN , who made acknowledgment on behalf of CITIMORTGAGE, INC. SUCCESSOR IN INTEREST BY MERGER TO ABN AMRO MORTGAGE GROUP, INC., who acknowledges himself/herself to be the Vice-President of CITIMORTGAGE, INC. SUCCESSOR IN INTEREST BY MERGER TO ABN AMRO MORTGAGE GROUP, INC., a corporation, and that he/she as such Vice-President, being authorized so to do, executed the foregoing instrument in their capacity for the purposes therein contained, by signing the name of the corporation by himself/herself as Vice-President .

WITNESS my hand and official seal,

_____
JANE EYLER
Notary Expires: 11/01/2009

*SP0*SP4CITM*09/09/2008 11:55:00 PM* CITM01CITM0000000000000003736810* PADAUPH*
0651752271 PASTATE_MORT_REL *SA5*SA5CITM*

James M. Zugay, Esq.
Recorder of Deeds
(717) 780-6560

Candace E. Meck
*First Deputy*



*Location:*
Dauphin County Courthouse
Room 102
Front & Market Streets
Harrisburg, PA 17101

## Recorder of Deeds

Harrisburg, Pennsylvania

### CERTIFIED END PAGE

INSTRUMENT #: 20080034785
RECORD DATE: 9/18/2008 2:23:11 PM
RECORDED BY: DJENKYN
DOC TYPE: SATP
AGENT: VERDUGO TRUSTEE SERVICE CORP
DIRECT NAME: CITIMORTGAGE, INC.
INDIRECT NAME:

RECORDING FEES - State: $0.50
RECORDING FEES - County: $13.00
ACT 8 OF 1998: $5.00

AOPC: $10.00

Parcel ID:

I Certify This Document To Be Recorded
In Dauphin County, Pennsylvania.



James M. Zugay, *Recorder of Deeds*

## THIS IS A CERTIFICATION PAGE

# PLEASE DO NOT DETACH

## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

Prepared By:
SHERRY SHEFFLER,
VERDUGO TRUSTEE SERVICE CORP
PO BOX 9443(1-800-283-7918)
GAITHERSBURG, MD 20898

When Recorded Return To:
JOHN J BUHAY III
KAREN A BUHAY
2720 WOODROW AVE
HARRISBURG, PA 17112-9545

### Satisfaction of Mortgage

CITIMORTGAGE, INC. #:0651752271 "BUHAY III" Lender ID:00531/319553620 Dauphin,
Pennsylvania
Made this date October 14th, 2008

Name of Mortgagor: JOHN J BUHAY III AND KAREN A BUHAY

Name of Original Mortgagee: ABN AMRO MORTGAGE GROUP, INC.

Current Owner: CITIMORTGAGE, INC. SUCCESSOR IN INTEREST BY MERGER TO ABN AMRO
MORTGAGE GROUP, INC. who by signing below certifies that: The address of the Last Assignee is
5280 CORPORATE DRIVE, MC 22-528-1020, FREDERICK, MD 21703

Date of Mortgage: 12/27/2005

Original Mortgage Debt: $154,000.00

Mortgage recorded on 01/03/2006 in the Office of the Recorder of Deeds of Dauphin County, State of
Pennsylvania, in Book/Reel/Liber: 6348 Page/Folio: 215 as Instrument/Document: N/A

Property Address: 2720 WOODROW AVE, HARRISBURG, PA 17112 in the Township of LOWER
PAXTON

The undersigned hereby certifies that the debt secured by the above-mentioned Mortgage has been fully
paid or otherwise discharged and that upon the recording hereof said Mortgage shall be and is hereby
fully and forever satisfied and discharged.

The undersigned hereby authorizes and empowers the recorder of said county to enter this satisfaction
piece and to cause said mortgage to be satisfied of record. Witness the due execution hereof with the
intent to be legally bound.

### EXHIBIT D

*SP0*SP4CITM*09/09/2008 11:55:00 PM* CITM01CITM0000000000000003736810* PADAUPH*
0651752271 PASTATE_MORT_REL *SA5*SA5CITM*

Satisfaction of Mortgage Page 2 of 2

CITIMORTGAGE, INC.  SUCCESSOR IN INTEREST BY MERGER TO ABN AMRO MORTGAGE GROUP, INC.
On <u>October 14th, 2008</u>

By: _____
MARYLYN C BROWN,
Vice-President

**SEAL**

STATE OF Maryland
COUNTY OF Montgomery

On this 14th day of October 2008, before me, the undersigned officer personally appeared MARYLYN C BROWN , who made acknowledgment on behalf of CITIMORTGAGE, INC. SUCCESSOR IN INTEREST BY MERGER TO ABN AMRO MORTGAGE GROUP, INC., who acknowledges himself/herself to be the Vice-President of CITIMORTGAGE, INC. SUCCESSOR IN INTEREST BY MERGER TO ABN AMRO MORTGAGE GROUP, INC., a corporation, and that he/she as such Vice-President, being authorized so to do, executed the foregoing instrument in their capacity for the purposes therein contained, by signing the name of the corporation by himself/herself as Vice-President
.

WITNESS my hand and official seal,

_____
SILVIA R ANDRADE
Notary Expires: 09/01/2009

Notary Public

*SP0*SP4CITM*09/09/2008 11:55:00 PM* CITM01CITM000000000000000003736810* PADAUPH*
0651752271 PASTATE_MORT_REL *SA5*SA5CITM*

James M. Zugay, Esq.
Recorder of Deeds
(717) 780-6560

Candace E. Meck
*First Deputy*



**Recorder of Deeds**

Harrisburg, Pennsylvania

**CERTIFIED END PAGE**

*Location:*
Dauphin County Courthouse
Room 102
Front & Market Streets
Harrisburg, PA 17101

INSTRUMENT #: 20080038391
RECORD DATE: 10/21/2008 8:10:30 AM
RECORDED BY: DJENKYN
DOC TYPE: SATP
AGENT: VERDUGO TRUSTEE SERVICE CORP
DIRECT NAME: CITIMORTGAGE, INC.
INDIRECT NAME:

RECORDING FEES - State: $0.50
RECORDING FEES - County: $13.00
ACT 8 OF 1998: $5.00

AOPC: $10.00

Parcel ID:

I Certify This Document To Be Recorded
In Dauphin County, Pennsylvania.



James M. Zugay, *Recorder of Deeds*

---

## THIS IS A CERTIFICATION PAGE

# PLEASE DO NOT DETACH

## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

# PRIORITY SEARCH, INC.

269 Pierce Street • Kingston, PA 18704
Phone: (570) 714-2951 • Fax: (570) 714-2679 • Email: prioritysearch1@att.net

November 3, 2008

Citimortgage
4740 121st street
Urbandale IA 50323

RE: Mortgage  John & Karen Buhay
Loan # 06517522717

Credit Department:

John and Karen Buhay refinanced the above referenced loan on August 25, 2008. The funds were disbursed on August 28, 2008.  At the time of disbursement Karen & John Buhay were not delinquent on the above referenced mortgage.  Due to an error of Priority Search the loan went beyond 30 days late.  The Buhay's were in no control of the payoff funds.  The delinquent payment should not be held against their credit rating.

Sincerely,

Liz Sichler
President

EXHIBIT E



11/11/2008
Reference: 760451

JOHN BUHAY
2720 WOODROW AVENUE
HARRISBURG, PA  17112-9545

Dear JOHN BUHAY:

Thank you for your recent credit application.  Unfortunately, we regret that we are unable to approve your
application.  The following items of information contributed to this decision:

        Delinquent past or present credit obligations with others

A consumer credit reporting agency provided us with information that in whole or in part influenced our decision.
The consumer reporting agency did not make the decision and is unable to provide specific reasons for it.  If you
have any questions regarding your own credit report, please contact the agency directly.  The addresses of the
agencies which provided applicant and co-applicant information, respectively, are:

Applicant credit reports obtained:
        Trans Union Corporation
        P.O. Box 1000
        Chester, PA  19022
        (800) 888-4213

You have the right to obtain a free copy of the information in your file at the agency if you request the copy
from the agency within 60 days of receiving this notice, and to dispute the accuracy or completeness of any information
the report furnished.  If you have any questions regarding our decision, please write to us using the address shown
at the bottom of this letter.

PSECU offers a financial fitness program through BALANCE.  Counselors at BALANCE are available for help with
credit
report and money management questions.  To use these services, contact them at 888-456-2227, or visit www.balancepro.net.

Sincerely,


Consumer Loan Department


NOTICE:  The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants
on the basis of race, color, religion, national origin, sex, marital status, age (with certain exceptions); because all or
part of the applicant's income derives from any public assistance program, or because the applicant has in good faith
exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with
this law concerning this creditor is:  NCUA Region II, 1775 Duke ST, Suite 4206, Washington, DC 22314-3437

**Pennsylvania State Employees Credit Union**
Main Address: 1 Credit Union Place, Harrisburg, PA 17110-2990 • 717.234.8484 • 800.237.7328
Mailing Address: P.O. Box 67013, Harrisburg, PA 17106-7013 • 717.777.2100 (TDD) • 800.472.1967 (TDD)
**psecu.com**
This credit union is federally insured by the National Credit Union Administration. Equal Opportunity Lender
EXHIBIT  E

 Citizens Bank™

November 20, 2008

Karen A Buhay                    0000317        Your account ending in 4377
2720 Woodrow Ave
Harrisburg, PA   17112-9545                     BALANCE              $7,265.56


Dear Karen A Buhay,

After careful consideration, we find if necessary to decrease the credit
line on your credit card account.  Your credit line has been decreased to
$7,500.00, effective immediately.  All other rates, benefits and fees will
remain the same as disclosed in your Credit Card Agreement, as amended
from time to time.

We periodically review how our customers are managing their credit
accounts with others and with us.  We used a scoring system that assigns a
numerical value to the various items of credit bureau information we
consider.  Our experience has shown that this score is an indicator of an
individuals likelihood to make payments on time.  The main reasons you did
not score well are:

High % Balances To Credit Limits On Revolving Accounts
High Number Of Credit Inquiries In The Last Five Months
Recent Late Payment On Credit Account
A High Percentage Of Your Credit Accounts Have Balances

Our credit decision was based in part on information obtained from Equifax
Credit Information Services.  They supplied information, but had no part
in our decision to decrease your credit limit and will be unable to answer
your questions regarding why we took this action.  Under the Fair Credit
Reporting Act, you have a right to know the information contained in your
credit file at Equifax Credit Information Services.  You also have a right
to a free copy of your report from them, if you request it no later than
60 days after you receive this notice.  In addition, if you find that any
information contained in the report you receive is inaccurate or
incomplete, you have the right to dispute the matter with them.

Equifax Info Services Llc
P O Box 740241
Atlanta           Ga  30374
(800) 685-1111


If you have any questions, please write to us at: P.O. Box 7092,
Bridgeport, CT 06601-3211.

This credit card is issued by RBS Citizens, N.A.


The Federal Equal Credit Opportunity Act prohibits creditors from
discriminating against credit applicants on the basis of race, color,
religion, national origin, sex, marital status, age (provided the
applicant has the capacity to enter into a binding contract); because all
or part of the applicant's income derives from any public assistance
program; or because the applicant has in good faith exercised any right
under the Consumer Credit Protection Act.  The Federal Agency that
administers compliance with this law concerning this creditor is the
Office of the Comptroller of the Currency, Customer Assistance Group, 1301
McKinney Avenue, Suite 3450, Houston TX 77010-9050.


EXHIBIT G



www.bankofamerica.com

KAREN A SNYDER BUHAY
2720 WOODROW AVE
HARRISBURG PA 17112-954520

June 04, 2009

Account No.: 74973176379591

Dear Karen A Snyder Buhay,

We periodically review accounts to determine the most appropriate credit line. The credit line on your Bank of America account has been reduced to $10,000 because you have a pattern of late payments on accounts with other creditors. Please be assured that you may continue to use your account within the new credit line.

This decision was based on a review of your account, as well as on information provided by the consumer reporting agency named below. If you would like to review your credit file, please contact Trans Union, Consumer Relations - East, P.O. Box 1000, 2 Baldwin Place, Chester, PA 19022. Their telephone number is 1.800.888.4213.

If you have any relevant information that would allow us to reconsider this decision, please call 1.800.881.4730, Monday through Thursday from 8 a.m. to 8 p.m., or Friday, 8 to 5 Eastern. We value your business and look forward to serving you in the future.

Sincerely,

Scott Beech

Existing Customer Credit department

P.S. For up-to-the-minute account information, please visit www.bankofamerica.com.

**Please See The Important Notice On The Next Page**



EXHIBIT H

JAMES R. CLIPPINGER
CHARLES J. DeHART, III
JAMES L. GOLDSMITH
P. DANIEL ALTLAND
JEFFREY T. McGUIRE*
STANLEY J. A. LASKOWSKI
DOUGLAS K. MARSICO
BRETT M. WOODBURN
MICHAEL D. REED
PAULA J. LEICHT
ELIZABETH H. FEATHER
KAREN W. MILLER
DOUGLAS M. OBERHOLSER
*BOARD CERTIFIED CIVIL TRIAL ADVOCATE

# CALDWELL & KEARNS

A PROFESSIONAL CORPORATION

### ATTORNEYS AT LAW

———

3631 NORTH FRONT STREET

HARRISBURG, PENNSYLVANIA 17110-1533

OF COUNSEL
CARL G. WASS
JAMES D. CAMPBELL, JR.

———

THOMAS D. CALDWELL, JR
(1926-2001)

———

RICHARD L. KEARNS
RETIRED

———

717-232-7661
FAX: 717-232-2766
thefirm@caldwellkearns.com

June 8, 2009

CitiMortgage, Inc.
P.O. Box 9438
Gaithersburg, MD 20898-9438

> **RE:   Dispute of Credit Items Reported**
> **Mortgage # 0651752271-1**

Dear Madam/Sir:

Please allow this correspondence to serve as notice that our clients, John J. Buhay, III and Karen A. Buhay, dispute credit information that CitiMortgage has provided to the EQUIFAX, Experian, Innovis, and Trans Union credit reporting bureaus. The credit items that we dispute relate to mortgage account number 0651752271-7, which CitiMortgage has reported as a balance due of $154,000 and an amount past due of $6,545 or more. The basis of our dispute is that Satisfactions of Mortgage have been filed for this mortgage by CitiMortgage, Inc. in the Recorder of Deeds Office in Dauphin County, Pennsylvania, under instrument numbers 20080034785 and 20080038391. Attached please find copies of these satisfactions.

We have provided indisputable evidence that the above-referenced mortgage has been satisfied. Therefore, we demand that CitiMortgage request deletion of any item of information provided to any of the above-reference credit reporting agencies claiming that there are amounts due on this mortgage. If CitiMortgage does not promptly request that all four credit reporting agencies delete all items showing amounts due or past due on the above-referenced mortgage, we will be forced to file a civil action requesting punitive damages and costs of the action, in addition to actual damages, as provided under the Fair Credit Reporting Act.

Very truly yours,

Douglas M. Oberholser
CALDWELL & KEARNS
Brett M. Woodburn
CALDWELL & KEARNS

DMO/pkw                    **EXHIBIT I**

cc:   John and Karen Buhay (w/o encl)
09020-001/149452

CitiMortgage


www.citimortgage.com

June 26, 2009

JOHN J BUHAY III
KAREN A BUHAY
2720 WOODROW AVE
HARRISBURG          PA 17112-9545

Dear CitiMortgage Client(s):

This letter is in response to a recent inquiry from Caldwell & Kearns, regarding verification of the information reflected in your credit report. Corrections have been submitted electronically to our subscribing credit reporting agencies: Equifax, Experian, Trans Union and Innovis.

We have informed the agencies to show mortgage account number 0651752271 was paid in full on September 2, 2008 and blocked credit reporting until December 2009. There was no derogatory information submitted for account number 0651773254. Please retain this letter and allow 30 to 45 days before requesting a copy of your credit report so the agencies may update their records accordingly. If your credit report is not updated properly, please provide a copy of this letter along with your dispute to the credit bureaus at the following addresses:

| Equifax Info Services | Experian | Trans Union | Innovis |
|---|---|---|---|
| Disclosure Dept | PO Box 2002 | Consumer Solutions | Consumer Assistance |
| PO Box 740241 | Allen, TX  75013 | PO Box 2000 | PO Box 1358 |
| Atlanta, GA  30374 | 1-866-200-6020 | Chester, PA  19022 | Columbus, OH  43216 |
| 1-800-685-1111 | | 1-800-916-8800 | 1-800-540-2505 |

We regret any inconvenience this matter may have caused you. To contact us you may visit our website at www.citimortgage.com or access our Automated Account Information Line, which is available 24 hours a day at 1-800-283-7918*. Customer Service Associates are available 7 days a week:

Monday - Friday        7:00 a.m. to 12:00 a.m., ET
Saturday               8:00 a.m. to 7:00 p.m., ET
Sunday                 12:00 p.m. to 11:00 p.m., ET
When contacting us, refer to your mortgage account number 0651752271.

We value your business and look forward to serving you in the future.

Sincerely,

**EXHIBIT J**

Customer Service

©2008 CitiMortgage, Inc. CitiMortgage, Inc. does business as Citicorp Mortgage in NM. CitiMortgage, Inc. is an equal housing lender. Citi, Arc Design, and Citi and Arc Design are registered service marks of Citigroup Inc. *Calls are randomly monitored and recorded for quality assurance. CitiMortgage is a debt collector and any information obtained will be used for that purpose.

Aug.20.2009   07:50 PM                                                    PAGE.   7/   7

CABELA'S VISA CENTER
WORLD'S FOREMOST BANK
P.O. BOX 82608
LINCOLN, NE 68501-2608
TOLL FREE 1-800-552-7963



July 7, 2009

JOHN J BUHAY III
2720 WOODROW AVE
HARRISBURG PA 17112-9545

Re: Your Cabela's CLUB Visa Account Ending in 5194

Credit Limit: $4600

Dear Cardholder(s):

World's Foremost Bank is hereby informing you that your credit limit has been decreased to the amount shown above.

You have the right to receive a statement from us within 30 days of your request as to the specific reason(s) why your credit line was decreased. If you would like the specific reason(s), please contact our office within 60 days of receiving this notice at the address or telephone number listed below:

By Mail:                        By Phone:

World's Foremost Bank           1-800-552-7963
Attn: Credit Department
PO Box 82608
Lincoln, NE 68501-2608

If we provide the reason(s) orally, you have the right to receive written confirmation from us within 30 days of us receiving your written request for confirmation.

Our decision was based on information we received from a consumer-reporting agency. The consumer-reporting agency did not make the decision and is unable to provide specific reasons for it. If you have any questions regarding your credit report, please contact the consumer-reporting agency directly at the address given below:

EQUIFAX
PO BOX 740241
ATLANTA, GA 30374
800-685-1111

You have the right to obtain a free copy of your credit report from the consumer-reporting agency, and dispute the accuracy or completeness of any information the report furnished. This request must be completed within 60 days of receiving this notice.

EXHIBIT K

5518 4475 1000 0420 C0965 9188 FC0004242

JAMES R. CLIPPINGER
CHARLES J. DeHART, III
JAMES L. GOLDSMITH
P. DANIEL ALTLAND
JEFFREY T. McGUIRE*
STANLEY J. A. LASKOWSKI
DOUGLAS K. MARSICO
BRETT M. WOODBURN
MICHAEL D. REED
PAULA J. LEICHT
ELIZABETH H. FEATHER
KAREN W. MILLER
DOUGLAS M. OBERHOLSER
*BOARD CERTIFIED CIVIL TRIAL ADVOCATE

# CALDWELL & KEARNS
A PROFESSIONAL CORPORATION
## ATTORNEYS AT LAW
———
3631 NORTH FRONT STREET
HARRISBURG, PENNSYLVANIA 17110-1533

OF COUNSEL
CARL G. WASS
JAMES D. CAMPBELL, JR.
———
THOMAS D. CALDWELL, JR.
(1928-2001)
———
RICHARD L. KEARNS
RETIRED

717-232-7661
FAX: 717-232-2766
thefirm@caldwellkearns.com

August 31, 2009

CitiMortgage, Inc.
P.O. Box 9438
Gaithersburg, MD 20898-9438

> **RE:   Mortgage # 0651752271**
> **John J. Buhay and Karen A. Buhay**

Dear Sir/Madam:

Please allow this correspondence to serve as a response to the attached letter our clients, John and Karen Buhay, received from CitiMortgage dated June 26, 2009. In that letter, the Buhays were informed that CitiMortgage requested that the credit reporting agencies show Mortgage #0651752271 as paid in full on September 2, 2008. Despite acknowledgement in that letter that their mortgage was paid in full, the Buhays continue to receive account statements from CitiMortgage requesting payment. Therefore, we demand that CitiMortgage correct its internal account and billing records to reflect that the above-referenced mortgage account has been paid in full. We also demand that CitiMortgage cease and desist from posting any information regarding mortgage modification at or on the Buhays' residence.

Very truly yours,

Douglas M. Oberholser
CALDWELL & KEARNS
Brett M. Woodburn
CALDWELL & KEARNS

DMO/pkw
Enclosure
cc:    John and Karen Buhay (w/o encl)
09020-001/153005

EXHIBIT L